## PEOPLE ex rel. JOHNSON v. DUDEN.

RELATOR was elected County Judge of El Dorado in the fall of 1852, to fill a supposed vacancy.   In the fall of 1853 he was again elected.   In March, 1857, the Legislature passed a special act fixing the salary of the County Judge of El Dorado at $3,000 per annum, but provided that "nothing in this act shall be so construed as to affect the salary of the present incumbent." Previously the salary was $4,000 per annum.   Relator applies for mandamus for a portion of his salary at the rate of $4,000 per annum : Held, that the election of relator in 1852 gave him a term of four years from November of that year ; that his election in the fall of 1853 amounted to nothing as a title to hold the office, there being no vacancy.

Held, further, that the Legislature, probably supposing that relator was duly elected in the fall of 1853, and held office until 1857, used the language of the proviso, and thereby intended to guard against the reduction of his salary during the supposed term.

Relator is entitled to mandamus for his salary at the rate of $4,000 instead of $3,000 per annum.

APPEAL from the Sixth District.

Application for mandamus.

Relator was elected County Judge of El Dorado in the fall of 1852, received his commission and entered upon the duties of his office on the twenty-third of November of that year.   This election was supposed to be to fill a vacancy ; and, accordingly, relator was again elected in the fall of 1853, and again in the fall of 1857, and still holds the office.   In 1857, the Legislature passed an act entitled " An Act to Reduce the Salary of the County Judge of El Dorado County."   " Sec. 1. The salary of the County Judge

of El Dorado county shall be $3,000 per annum.　Sec. 2. Nothing in this act shall be so construed as to affect the salary of the present incumbent." The balance of the act is simply a repealing clause.　Previous to this act, the salary of the Judge was $4,000 per annum.　The Auditor refused, after the Act of 1857, to draw his monthly warrants for salary, except at the rate of $3,000 per year; and relator applies for *mandamus* for $2,333.33, the amount due on back salary, if the Act of 1857 be not applicable to him. The Court below denied the writ.　Relator appeals.

*James Johnson*, Relator, Appellant, *pro per*.

*J. B. Harmon*, also for Appellant.

*S. W. Sanderson, District Attorney*, for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The relator was elected to the office of County Judge of El Dorado county, in September, 1852.　He went into office the twenty-third of November of that year; his term of office therefore extended under that election to November, 1856.　In March, 1857, the Legislature passed an act reducing the compensation of this office, but added a proviso that nothing in the act should affect the present incumbent.　The relator, under an erroneous apprehension of the law, was a candidate for, and received a commission under the election of 1853.　We think this amounted to nothing as a title to hold the office, it not being vacant at the time of the election. The only matter of any serious difficulty, after our repeated decisions upon these questions of the tenure of judicial offices, is to determine what the Legislature meant in this proviso, that the reduction should not affect the present incumbent.　It obviously did not design to give to the particular person in office a perpetual exemption from the operation of the statute; but it seems that the Legislature supposed a term to exist in the tenant of the office, and that the proviso was a cautionary provision protecting him from the effect of the reduction during that term.

We incline to the belief, against our first impression, that the Legislature, acting upon the mistaken idea that Johnson was elected

in 1853, and consequently held office until 1857, used the language in the proviso with the view of providing against the reduction during the supposed term. If this conclusion is not very satisfactory, it is the most reasonable solution we can give of a difficulty attending the construction of a loosely drawn local statute.

Judgment reversed, and cause remanded, with directions to the Court or Judge below to issue the *mandamus* as prayed for in the application of the relator, and that the *remittitur* issue forthwith.