THE PEOPLE *ex rel.* STEPHEN R. HARRIS *v.* HENRY M. HALE, AUDITOR OF THE CITY AND COUNTY OF SAN FRANCISCO.

SALARY OF CORONER OF SAN FRANCISCO.—The Act of 1864, entitled "An Act concerning the salary and fees of the Coroner of the City and County of San Francisco," reduces the salary of the Coroner of said city and county from four thousand to two thousand dollars per annum. The fifth section provides that "this Act shall not affect the salary of the present incumbent during the term for which he is elected." *Held,* that the fifth section did not apply to a successor of the then incumbent, appointed after his death to fill his unexpired term.

PETITION for mandamus.

On the 18th day of May, 1863, B. A. Sheldon was elected Coroner of the City and County of San Francisco for the term of two years from and after the first day of July, 1863, and

in due time he qualified and entered upon the discharge of the duties of said office. On the 8th day of April, 1862, the Legislature passed an Act providing that the salary of the Coroner of the City and County of San Francisco should be four thousand dollars per annum. This Act was in force when Mr. Sheldon entered upon the discharge of the duties of said office.

On the 12th day of March, 1864, the Legislature passed another Act, by section one whereof it was provided that the salary of the Coroner of the City and County of San Francisco " shall be two thousand dollars per annum," and by section five whereof it was provided, that " this Act shall not affect the salary of the present incumbent during the term for which he is elected."

On the 10th day of September, 1864, Sheldon, the incumbent, died.

On the 19th day of September, 1864, the Board of Supervisors appointed Stephen R. Harris, the relator, to fill the unexpired term of his predecessor. The relator qualified and entered upon the discharge of his duties.

The law made it the duty of the defendant, Henry M. Hale, who was the Auditor of the City and County of San Francisco, on the first day of each and every month, to audit and allow the salary of the Coroner for the preceding month, and draw his warrant upon the Treasurer for the amount. The relator claimed that his salary was four thousand dollars per annum for the unexpired term of his predecessor, and asked the Auditor to draw his monthly warrant at that rate. The Auditor refused to do so, claiming that the relator was entitled to only two thousand dollars per annum.

This was a proceeding commenced in the Supreme Court to obtain a writ of mandate, requiring the Auditor to audit and allow relator's salary at the rate of four thousand dollars per annum, and draw his warrant on the Treasurer for that amount.

*J. W. Winans,* for Relator.

*John H. Saunders,* for Respondent.

By the Court, SANDERSON, C. J.

We think the meaning and intent of the Legislature, as expressed in the Act concerning the salary and fees of the Coroner of the City and County of San Francisco, (Statutes of 1863–4, p. 161,) is too obvious to admit of doubt. The evident design was to reduce the salary of the office as to any and all incumbents, except the then present incumbent. The fifth section performs the office of a proviso and excepts the " present incumbent" from the operation of the Act for a certain time, to wit, his present term of office. The effect. of the exception is as much confined to Dr. Sheldon by the use of the words " present incumbent " as if his name had been directly employed. Had the Legislature said " This Act shall not affect the salary of the present incumbent (Dr. Sheldon) during the term for which he is (now) elected," it would hardly be contended that any other person than Dr. Sheldon was included in the exception ; yet, although such language might have been more pointed perhaps, the meaning would scarcely have been more obvious.

The words "present incumbent" refer to the individual then holding the office, and not to his term of office. Had the Legislature intended, as counsel for the relator contends, to except the present term from the operation of the Act, they would have hardly employed the language which they did. They would have said, " This Act shall not take effect until after the expiration of the present term of office."

Some stress is laid upon the words, " during the term for which he is elected," and from their use it is argued that the term rather than the person is the object of the exception. We do not so read them. Had the section stopped with the word " incumbent," a question of construction would have been presented as to whether the " present incumbent " was not perpetually excepted from the operation of the Act and therefore entitled to the former salary if re-elected. This question of construction, though of obvious solution, was actually made in the case of *The People ex rel. Johnson* v. *Duden*,

18 Cal. 696.    There the Act stopped with the word " incumbent," and Johnson the relator insisted that he was perpetually excepted from its operation and entitled to the former salary so long as he might hold the office.    It was held, however, that the exception did not extend beyond his then present term.    The words in question were obviously used for the purpose of more precisely defining the exception made and thus leave no occasion for a resort to judicial construction. The meaning of the section finds full expression in the following paraphrase : " This Act shall not affect the salary of the present incumbent, Dr. Sheldon, but this exception in his favor shall not continue longer than his present term of office."    It is true that in its absence judicial construction would have supplied the latter clause, but the Legislature saw proper to supply it themselves and leave nothing to construction.

Mandamus denied.